938 F.2d 1038
 60 USLW 2108, 20 Fed.R.Serv.3d 751
 ARIZONA STATE CARPENTERS PENSION TRUST FUND, a trust, et
al., Plaintiffs-Appellants,
v.
William E. MILLER, and Georgia Miller, his wife; Keith E.
Dolgaard, and Pleidas Dolgaard, his wife; Arizona Trust
Company, an Arizona corporation; Arizona Trust Company
Escrow Agency, Inc., an Arizona company; Indian Summer
Investors, Inc., an Arizona corporation; Cougar Enterprise,
Inc., an Arizona corporation, Defendants-Appellees,
Manufacturers Hanover Trust Company, a New York corporation,
Intervenor-Appellee.
ARIZONA STATE CARPENTERS PENSION TRUST FUND, a trust, et
al., Plaintiffs-Appellants,
v.
William E. MILLER, and Georgia Miller, his wife; Mitchell
Hutchins Institutional Investors, Inc., a Delaware
corporation, et al., Defendants-Appellants,
Manufacturers Hanover Trust Company, a New York corporation,
Intervenor-Appellee.
 Nos. 89-16682, 90-15253.
 United States Court of Appeals,
Ninth Circuit.
 Argued April 9, 1991.
Submission Deferred April 9, 1991.
Resubmitted July 11, 1991.
Decided July 15, 1991.
As Amended Aug. 27, 1991.
 
 Keith F. Overholt, Shimmel, Hill, Bishop & Gruender, Phoenix, Ariz., for plaintiffs-appellants.
 Stephen G. Tipps, Baker & Botts, Houston, Tex., for defendants-appellees.
 Joseph E. Mais, Brown & Bain, Phoenix, Ariz., for intervenor-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before PREGERSON, NOONAN, and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 The appellants, four Arizona pension and welfare funds and their trustees (collectively, the "Trust Funds"), sued their investment manager and others to recover losses they allegedly suffered as a result of improper investments of trust assets in over 80 unsound real estate loans. In Counts 1 through 7 of the Second Amended Complaint, the Trust Funds sought compensatory damages, rescission and attorney fees under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Secs. 1001 et seq. In Count 8, they sought punitive damages for "wanton, malicious, cruel and callous" breaches of fiduciary duty under ERISA.
 
 
 2
 The district court dismissed Count 8 as to all defendants on the ground that ERISA does not permit recovery of punitive damages. Final judgments were entered pursuant to Federal Rule of Civil Procedure 54(b), and these consolidated appeals followed.
 
 
 3
 Because we conclude the order dismissing the punitive damage count is not a final, appealable order, we dismiss for lack of appellate jurisdiction.
 
 DISCUSSION
 
 4
 Rule 54(b) provides that "[w]hen more than one claim for relief is presented in an action, ... [a district] court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... upon an express determination that there is no just reason for delay." Fed.R.Civ.P. 54(b). Thus, for Rule 54(b) to apply, "claims must be multiple and at least one must have been adjudicated finally." Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1524 (9th Cir.1987). Even though a decision is certified under Rule 54(b), this court must make sure it is dealing with a final judgment before exercising its jurisdiction. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980).
 
 
 5
 A decision is final under 28 U.S.C. Sec. 1291 if it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Rule 54(b) "does not relax the finality required of each decision, as an individual claim, to render it appealable." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956). It simply
 
 
 6
 allows a judgment to be entered if it has the requisite degree of finality as to an individual claim in a multiclaim action. The partial adjudication of a single claim is not appealable, despite a rule 54(b) certification.
 
 
 7
 Sussex Drug Products v. Kanasco, Ltd., 920 F.2d 1150, 1154 (3d Cir.1990) (citation omitted).
 
 
 8
 "[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 743 n. 4, 96 S.Ct. 1202, 1206 n. 4, 47 L.Ed.2d 435 (1976); cf. Denholm v. Houghton Mifflin Co., 912 F.2d 357, 360 (9th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2814, 115 L.Ed.2d 986 (1991) (in remittitur case can appeal issue only if "separate and distinct" claim from subject matter of remittitur); CMAX, Inc. v. Drewry Photocolor Corp., 295 F.2d 695, 697 (9th Cir.1961) ("[t]he word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based upon those facts.").
 
 
 9
 Here it is clear that the count for punitive damages is not "separate and distinct" from the remainder of the counts in the complaint, but is based on a single set of facts giving rise to a legal right of recovery under several different remedies. Cf. Denholm, 912 F.2d at 360 (adopting "separate and distinct" test). We join the Third Circuit in holding that "[w]hen liability rests on the same transaction or series of transactions, a count for punitive damages, although of a different order than compensatory damages, does not constitute a separate claim under Rule 54(b)." Sussex Drug, 920 F.2d at 1155.
 
 
 10
 It is plain that the Trust Funds' punitive damage count and their compensatory damage counts are "inextricably intertwined." See Lanier v. Sallas, 777 F.2d 321, 322 (5th Cir.1985). Both the basic theories of recovery and the core set of operative facts comprising the primary proof on the compensatory and punitive damage counts would be the same. See Sussex Drug, 920 F.2d at 1155; Lanier, 777 F.2d at 325-26. Cf. Texaco v. Ponsoldt, 939 F.2d 794, 798, (9th Cir.1991). The punitive damage count would only require proof of an additional aggravating factor and perhaps additional evidence relevant to assessing damages; thus, the punitive damage count is not a separate claim. See Sussex Drug, 920 F.2d at 1155.
 
 
 11
 We hold that we lack jurisdiction to hear these appeals despite the Rule 54(b) certification by the district court. Accordingly, we do not reach the question whether ERISA permits employee benefit plans to recover punitive damages. The appeals are DISMISSED.