15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sergio SANTOS, Plaintiff-Appellant,
v.
Melvin COLEY, County of Tulare, Defendants-Appellees.
Sergio SANTOS, Plaintiff-Appellant, and I. Singh Aulakh, Appellant,
v.
Melvin COLEY, County of Tulare, Defendants-Appellees.
 Nos. 92-16105, 92-16879.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Dec. 2, 1993.
 
 Before: ALARCON, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mr. Santos and his attorney, Mr. Aulakh, have filed two appeals, 92-16105 and 92-16879, in two cases related to one which has not yet gone to final judgment in district court.
 
 
 3
 In 92-16105, Mr. Aulakh claims that the district court erred in imposing Rule 11 sanctions on him for asserting a punitive damages claim.[1] We have jurisdiction to review the Rule 11 award, because it was imposed on a non-party attorney. See Aetna Life Insurance Co. v. Alla Med. Servs., Inc., 855 F.2d 1470, 1472 (9th Cir.1988).
 
 
 4
 We review the Rule 11 sanction for abuse of discretion. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992). In this case, we are compelled to conclude that the district court abused its discretion.
 
 
 5
 The second Santos lawsuit, in which the Rule 11 sanction was imposed, sued Sheriff Coley "in his individual capacity" and Tulare County under 42 U.S.C. Sec. 1981. It claimed racial discrimination against Santos, and sought punitive damages only from Sheriff Coley as an individual, not from the County. This complaint was based on a different legal theory form the previous one. The first complaint had been based on 42 U.S.C. Secs. 1983 and 1985(3), not Sec. 1981. The new lawsuit named one less defendant. Regardless of what had happened in the first lawsuit, Mr. Aulakh was not simply reasserting a claim which had been rejected twice--he was filing a new lawsuit on a new theory against a different set of defendants. In the second lawsuit, plaintiff did not bring a claim identical to those previously dismissed. He brought a new claim.
 
 
 6
 The claim for punitive damages in the 42 U.S.C. Sec. 1981 suit against Sheriff Coley was warranted by existing law or a good faith argument for the modification, extension, or reversal of existing law. See Kentucky v. Graham, 473 U.S. 159, 167 n. 13 (1985); Smith v. Wade, 461 U.S. 30 (1983); Johnson v. Railway Express Agency, 421 U.S. 454, 460 (1975); Stallworth v. Shuler, 777 F.2d 1431, 1435 (11th Cir.1985). The punitive damages claim was not frivolous as a matter of law, and the case had not yet proceeded far enough for any conclusions to be drawn about whether the claim had a sufficient basis in fact.
 
 
 7
 Mr. Aulakh's second appeal, 92-16879, claims that a $1,922.50 sanction against him was not justified under Rule 11. We have jurisdiction because the sanctions were imposed against Mr. Aulakh, a non-party attorney. See Reygo Pacific Corp., v. Johnston Pump Co., 680 F.2d 647, 648 (9th Cir.1982).
 
 
 8
 Despite Mr. Aulakh's arguments to the contrary, our careful examination of the record shows that the $1,922.50 sanction was imposed pursuant to Fed.R.Civ.P. 37, not Fed.R.Civ.P. 11. The defense motion sought the sanction under Rule 37, not Rule 11. It says so expressly on pages 3 and 9. The judge at one point in his order, at page 2, characterized the defense motion as seeking a Rule 11 sanction, but the motion did not seek a Rule 11 sanction, the order is not based on a Rule 11 theory, and the order makes it clear at page 5 that the court was considering sanctions pursuant to Rule 37. The sanction was imposed for inexcusable delay in complying with a magistrate's discovery order, a ground to which Rule 37 rather than Rule 11 applies. Mr. Aulakh had made no argument for why the sanction was an abuse of discretion under Rule 37, so we affirm it.
 
 
 9
 In appeal 92-16105, we reverse and vacate the $400 Rule 11 sanction imposed in district court case CV-F-92-5225 REC.
 
 
 10
 In appeal 92-16879, we affirm the $1,922.50 sanction in district court case CV-F-91-390 REC.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At oral argument, Mr. Aulakh properly conceded that we had no jurisdiction to review the correctness of the district court's dismissal of the punitive damages claim, because he had no Rule 54(b) certification. See Harvey Aluminum v. International Longshoremen's & Warehousemen's Union, Local 8, 278 F.2d 63, 63-64 (9th Cir.1960) (per curiam); see also Arizona State Carpenters Pension Trust Fund v. Miller, 938 F.2d 1038, 1039 (9th Cir.1991) (order dismissing punitive damage count is not a final, appealable order)