**LAS VEGAS SANDS, INC., Plaintiff—Appellee,**

v.

**CULINARY WORKERS' LOCAL UNION # 226, Defendant— Appellant.**

**Las Vegas Sands, a Nevada Corporation,, Plaintiff— Appellant,**

v.

**Culinary Workers Union Local # 226, an unincorporated association,, Defendant—Appellee.**

Nos. 01–15890, 01–16095.

D.C. No. CV–97–00467–PMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2002.

Decided April 2, 2002.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before RYMER, KLEINFELD, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

Cross-appellants Las Vegas Sands, Inc. ("LVSI") and Culinary Workers' Union Local # 226 (the "Union") appeal from various interlocutory orders entered by the district court. After examining the question of appellate jurisdiction, we have determined that we lack jurisdiction over all of the issues raised by the parties. We therefore dismiss both of the above-captioned appeals.

We have an independent responsibility to examine the parties' filings to determine whether we have jurisdiction over these interlocutory appeals. *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 871 (9th Cir.2002). As a vital prerequisite to our assertion of jurisdiction over any such appeal, the district court must both enter a partial judgment regarding the claim *and* expressly certify that "there is no just reason" for delaying the appeal until it has entered a final judgment. Fed.R.Civ.P. 54(b); *Baker v. Limber,* 647 F.2d 912, 916 (9th Cir.1981).

With regard to LVSI's appeal from the district court's Noerr–Pennington order, we observe that the court's ruling did not finally dispose of any of the three claims asserted by the Union. Instead, the order's only practical effect was to immunize the Union from any liability concerning its governmental lobbying activities, one of several types of conduct that the Union purportedly undertook against the Venetian project. We do not have jurisdiction where the district court has merely decid-

ed an issue; rather, its ruling must finally adjudicate at least one of the plaintiff's claims. *Arizona State Carpenters Pension Trust Fund v. Miller,* 938 F.2d 1038, 1039 (9th Cir.1991). The district court neither entered judgment on a claim nor complied with Rule 54(b)'s express certification procedure. We therefore lack jurisdiction to review the Noerr–Pennington issue.

As for LVSI's appeal from the partial judgment on its claim that the Union breached the collective bargaining agreement, we note that while the district court complied with Rule 54(b)'s requirement that it enter a separate judgment on the adjudicated claim, it failed to certify expressly that there was "no just reason for delay," a jurisdictional prerequisite that we have construed strictly. *See Frank Briscoe Co., Inc. v. Morrison–Knudsen Co., Inc.,* 776 F.2d 1414, 1415 (9th Cir.1985). Consequently, we do not have appellate jurisdiction over this claim.

Finally, we address the Union's appeal from the district court's March 24, 2001, order denying reconsideration of earlier orders concerning the arbitrability defense. The plain text of the Federal Arbitration Act, 9 U.S.C. § 16, requires a party, as a prerequisite for interlocutory appellate jurisdiction, to petition or apply for an order compelling arbitration.[1] *See* 9 U.S.C. § 16(a)(1)(B) & (C). Here, the Union did not so move to compel; rather, it merely asserted arbitrability as a defense to LVSI's claim. Accordingly, we lack jurisdiction over the Union's appeal.

APPEALS DISMISSED. Each party shall pay its own costs on appeal.

---

1. We assume without deciding that a motion for reconsideration can be appealed pursuant to section 16 if it otherwise falls within the ambit of that section's jurisdictional grant.