**GILBERT APPLETON, Appellant**

v.

**KRONPRINDSENS QUARTER, INC., Appellee**

D.C. Civil App. No. 2007-30

District Court of the Virgin Islands

Division of St. Thomas and St. John

June 10, 2009

DESMOND L. MAYNARD, ESQ., St. Thomas, USVI, *For the appellant.*

FRANCIS E. JACKSON, JR., ESQ., St. Thomas, USVI, *For the appellee.*

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION

### (June 10, 2009)

Gilbert Appleton appeals an order of the Superior Court of the Virgin Islands granting partial summary judgment for Kronprindsens Quarter, Inc. ("Kronprindsens"). For the reasons that follow, the Court will dismiss this appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 1992, Appleton entered into a written agreement with Kronprindsens for the lease of approximately 1,400 square feet located at #13 Wimmelskaft Gade in St. Thomas, U.S. Virgin Islands (the "Property"). The five-year lease term began on April 1, 1992 and was due to expire on March 31, 1997.

Several months into the lease term, Appleton fell into arrears on rent. In December 1992, Kronprindsens filed a forcible entry and detainer action in the Superior Court.[1] Default was entered against Appleton after he failed to appear. On January 19, 1993, the Superior Court held a hearing in the forcible entry and detainer action. Appleton, having defaulted, was neither present nor represented. Following the hearing, on February 1, 1993, the Superior Court awarded Kronprindsens restitution of the Property and *sua sponte* issued a stay of execution of the writ until March 1, 1993.

In a letter to Appleton dated February 1, 1993, Kronsprindsens' counsel indicated that Appleton could remain a tenant if he agreed to

---

[1] At the time of the forcible entry and detain action, the Superior Court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, the Court employs the terms Superior Court and judge of the Superior Court.

certain conditions relating to the payment of rent, among other things.[2] On February 3, 1993, an individual named Elena Thomas, in a space provided for Appleton's signature, signed that letter, purportedly on Appleton's behalf. Appleton occupied the Property for the next several months.

In a letter dated May 3, 1993, Kronsprindsens' counsel directed Appleton to vacate the Property.

On June 14, 1993, the Superior Court issued a writ of restitution, commanding the Superior Court Marshal to remove Appleton from the Property and to restore the Property to Kronsprindsens. The Marshal executed the writ on July 9, 1993.

In August 1996, Appleton sued Kronprindsens in the Superior Court, asserting claims for breach of contract, bad faith, reckless conduct and breach of the duty of good faith and fair dealing. Kronprindsens filed an answer and a counterclaim for breach of contract.

Discovery and motion practice ensued.[3] In November 2005, Kronprindsens filed a motion for what it termed partial summary judgment. Although so termed, the motion asked for dismissal of Appleton's complaint in its entirety. The motion did not seek summary judgment on Kronsprindsens' counterclaim. Appleton opposed the motion.

In December 2006 — approximately ten and one-half years after the filing of the complaint — the Superior Court granted Kronsprindsens' motion. In its ruling, the Superior Court concluded that the February 1993 letter did not constitute an agreement and that Appleton's eviction from the Property was lawful. The order explicitly granted Kronsprindsens' motion for partial summary judgment but did not expressly state that Appleton's complaint was dismissed. The order made no mention of Kronsprindsens' counterclaim. The order also scheduled a status conference with the parties.

Appleton timely appealed the Superior Court's December 2006 ruling in Kronsprindsens' favor. He challenges the Superior Court's determination that the February 1993 letter does not constitute a new lease agreement.

---

[2]     The letter followed a January 26, 1993, meeting between Kronsprindsens' counsel and Appleton during which the parties discussed the terms of Appleton's continued tenancy.

[3]     The matter was also submitted to mediation. Mediation efforts evidently bore no fruit.

## II. ANALYSIS

■ Before reaching the merits of the issues Appleton raises, the Court must, as a threshold matter, satisfy itself of its jurisdiction to hear this appeal.[4] *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 n.5 (3d Cir. 2008) (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003)).

In general, the Appellate Division of this Court has jurisdiction over final orders and judgments of the Superior Court. *See* 48 U.S.C. § 1613a; *Virgin Islands ex rel. Larsen v. Ruiz*, 145 F. Supp. 2d 681, 683 (D.V.I. App. Div. 2000) (noting that the Appellate Division has construed the statutory provision vesting this Court with appellate jurisdiction to refer only "to *final* judgments and orders") (emphasis in original); *Government of the Virgin Islands v. deJongh*, 28 V.I. 153, 158 (D.V.I. App. Div. 1993).

■ A final and appealable order "is one 'which terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' " *Dotzel v. Ashbridge*, 438 F.3d 320, 323 (3d Cir. 2006) (quoting *Richerson v. Jones*, 551 F.2d 918, 922 (3d Cir. 1977)). An order granting partial summary judgment is generally not a final order. *See, e.g., Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150 (3d Cir. 1990). Furthermore, "[a] judgment that disposes only of the complaint, while leaving a counterclaim pending, is not a final judgment." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000) (citing *Doyle v. Kamenkowitz*, 114 F.3d 371, 373 (2d Cir. 1997)).

■ Where an order disposes of fewer than all claims, FED. R. CIV. P. 54(b) allows a trial court to certify the order for immediate appeal.[5] That rule was designed to "strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975) (citations omitted). "A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, *i.e.*, an ultimate

---

[4] After both parties submitted briefs, Kronprindsens moved to dismiss this appeal for lack of jurisdiction. The motion is unopposed. A single judge of this Court may rule on a jurisdictional challenge. *See* 48 U.S.C. § 1613a(b) (providing that "the presiding judge alone ... may dismiss an appeal for want of jurisdiction").

[5] In general, the Federal Rules of Civil Procedure are applicable to proceedings in the Superior Court. *See* SUPER. CT. R. 7.

disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.' " *Berckeley Inv. Group, Ltd. v. Colkitt,* 455 F.3d 195, 202 (3d Cir. 2006) (quoting *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7-8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980)). The trial court must "clearly articulate the reasons and factors underlying its decision to grant 54(b) certification." *Anthuis v. Colt Indus. Operating Corp.,* 971 F.2d 999, 1003 (3d Cir. 1992).

██ Here, the Superior Court's order granting Kronsprindsens' motion for partial summary judgment does not dispose of all claims in this matter, as Kronsprindsens' counterclaim is still pending, at least as far as the Court can tell from the record. Furthermore, the record does not reflect that Appleton sought, or that the Superior Court issued, a Rule 54(b) certification. The order that Appleton challenges is therefore non-final. As a consequence, the Court is without jurisdiction to hear this appeal. *See, e.g., Sussex Drug Products,* 920 F.2d at 1155-56 (dismissing an appeal because the district court's partial summary judgment was not final); *see also, e.g., Miller v. Special Weapons, L.L.C.,* 369 F.3d 1033, 1033-35 (8th Cir. 2004) (dismissing an appeal from an order that did not address a counterclaim); *Citizens Accord,* 235 F.3d at 128-29 (dismissing an appeal for lack of jurisdiction where a counterclaim remained pending and the district court did not certify its order dismissing the complaint pursuant to Rule 54(b)); *Horwitz v. Alloy Automotive Co.,* 957 F.2d 1431, 1437 (7th Cir. 1992) (holding that the pendency of a counterclaim in an appeal from a summary judgment for the defendant "is enough to defeat our jurisdiction"); *Higgins v. Newhouse,* 883 F.2d 75 (6th Cir. 1989) (unpublished) (dismissing an appeal of an order granting partial summary judgment for the defendants where the defendants' counterclaims remained pending).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this appeal without prejudice to Appleton's right to appeal the final judgment in this matter. All pending motions will be denied as moot. An appropriate order follows.