Gene MEYERS; Norman Wyche; Aldo T. Eberle; Donald Northcutt, Plaintiffs–Appellants,

v.

IDEAL BASIC INDUSTRIES, INC., a Delaware Corporation, Defendant–Appellee.

No. 90–7009.

United States Court of Appeals, Tenth Circuit.

Aug. 6, 1991.

---

1. Appellant states that "[a]n *Alford* plea was not at issue in the case at bar." Appellant's Br. at 30, n. 43.

Patrick J. Malloy, III, of Malloy & Malloy, Inc., Tulsa, Okl. (Leslie V. Williams, Jr. of Williams & Remmel, Oklahoma City, Okl., with him on the briefs), for plaintiffs-appellants.

Mairen C. Kelly of Fisher & Phillips, Atlanta, Ga. (Robert P. Foster, and Frank T. Bell of Fisher & Phillips, Atlanta, Ga.; J. Warren Jackman of Pray, Walker, Jackman, Williamson & Marlar, Tulsa, Okl.,

with her on the brief), for defendant-appellee.

Before BALDOCK, BARRETT and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

I.

The appellants in this case, Gene Meyers, Norman Wyche, Aldo T. Eberle, and Donald Northcutt ("Plaintiffs" or "Appellants"), are former employees of Ideal Basic Industries, Inc. ("Defendant" or "Ideal"). They instituted an action for malicious prosecution and abuse of process against Ideal. Appellants' action followed the dismissal of Ideal's lawsuit against Appellants for allegedly engaging in a conspiracy to file fraudulent Workmen's Compensation claims and sabotage company property. The trial court granted Defendant's motion to dismiss the abuse of process claim. Plaintiffs' malicious prosecution claim proceeded to trial. The jury returned a verdict in favor of Plaintiffs and awarded them, collectively, actual damages in the amount of $7 million and punitive damages in the amount $8 million.[1] Subsequently, the trial court granted Defendant's motion for judgment notwithstanding the verdict.

On appeal, Appellants raise the following issues: "Whether Or Not The Trial Court Erred In Sustaining The Defendant's Motion For Judgment Notwithstanding the Verdict"; and "Whether Or Not The Trial Court Committed Error In Sustaining The Defendant's Motion For Summary Judgment With Respect To The Plaintiffs' Abuse Of Process Claim." We affirm.

II.

Ideal is a cement manufacturer with facilities located throughout the United States. Since 1984, due to an impasse in bargaining negotiations, Ideal's unionized employees at the plant in Ada, Oklahoma, have worked without a contract. In 1988, Gary Sauer was installed as the new plant manager at this facility. Prior to his arrival, Mr. Sauer familiarized himself with the history of relations with the employees at the Ada plant. During this time, Mr. Sauer learned that the plant in Ada had recently been the target of acts of sabotage and that an unprecedented number of Workmen's Compensation claims for hearing and lung damage were filed by Ideal's workers at the Ada plant.

Shortly after his arrival in Ada, Mr. Sauer formed the opinion that there was illegal activity occurring "in the form of phony Work Comp filings and sabotage." He then obtained authorization to consult with outside counsel to seek advice on whether any legal remedy was available to stop what he believed was illegal activity. Ideal complied with this request and procured the services of Walter Kruger, a partner in a law firm specializing in labor law. Mr. Kruger came to Ada and conducted an investigation into the existence of illegal activity at the plant. Ideal placed no restrictions as to the scope of Mr. Kruger's investigation. Following his investigation, Mr. Kruger returned to Atlanta to evaluate the information he had compiled during his investigation. During the next few weeks, Mr. Kruger contacted Mr. Sauer several times requesting additional information such as further data from the employee files. Subsequently, Mr. Kruger informed Mr. Sauer there was sufficient cause to file a lawsuit against the Appellants.

Ideal then filed a complaint against Appellants charging, *inter alia:* conspiracy to file fraudulent Workmen's Compensation claims; deceit; sabotage; and violation of anti-racketeering laws. This complaint was subsequently dismissed by a consent order. Following the dismissal, Appellants brought this action against Ideal alleging malicious prosecution and abuse of process based upon Ideal's instigation of suit against them.

1. The trial court subsequently reduced the punitive damages award to $7 million in accordance with Okla.Stat. tit. 23, § 9.

The district court dismissed the abuse of process claim prior to trial, and following a jury verdict in favor of the employee-Plaintiffs on the malicious prosecution claim, granted Defendant's motion for judgment notwithstanding the verdict. The court also ruled hypothetically on Defendant's alternative motion for new trial, holding that absent the entry of judgment notwithstanding the verdict, it would grant a new trial.

## III.

*Dismissal of Abuse of Process Claim*

We review the district court's dismissal for failure to state a claim *de novo*, applying the same scrutiny to the complaint as did the trial court. *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986). Thus, we also will "clothe plaintiff's claim in such fashion to presume all allegations true." *Id.*

■ As this is a diversity case, we apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Oklahoma law, an abuse of process claim requires a showing of three elements: (1) issuance of process; (2) an ulterior purpose; and (3) a willful act in the use of process not proper in the regular conduct of the proceeding. *Tulsa Radiology Assocs., Inc. v. Hickman*, 683 P.2d 537, 539 (Okla.Ct.App.1984); *see also* W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser & Keeton on the Law of Torts*, § 121 (5th ed. 1984) (hereinafter "Prosser"). In this case, the district court focused on Plaintiffs' failure to "allege facts in support of the third element ... [stating there was] no showing that Ideal was using its lawsuit to obtain an advantage that was *collateral* to the lawsuit itself." In other words, the complaint failed to allege a *willful act* in the use of process *not proper in the regular conduct of the proceeding*. The court concluded Plaintiffs had failed to establish the necessary elements for the claim and therefore granted Defendant's motion to dismiss. We agree with this determination.

In this case, Plaintiffs alleged in their complaint, *inter alia*, that the action brought against them by Ideal was based on allegations: "made with the ulterior and unlawful purpose of: ... intimidating the individual Plaintiffs [and] ... other employees of the Defendant corporation into an abandonment of their legitimate Workers Compensation claims; [and] ... extorting concessions from the Plaintiff labor union in contract negotiations."

■ "Abuse of process occurs when legal process is used for an improper purpose, to accomplish an end not lawfully obtainable, or to compel someone to do some collateral thing he could not legally be compelled to do." *Houghton v. Foremost Fin. Servs. Corp.*, 724 F.2d 112, 116 (10th Cir.1983) (citing *Neil v. Pennsylvania Life Ins. Co.*, 474 P.2d 961, 965 (Okla. 1970)). To establish the element of improper use of the process, it is clear that the plaintiff must show *some definite act or threat* by the defendant not authorized by the process. *Gore v. Taylor*, 792 P.2d 432, 435 (Okla.Ct.App.1990); *see also*, Prosser § 121. Prosser provides the following elaboration of this element:

> Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.

Prosser, § 121 at 898. Thus, merely showing the defendant " 'carr[ied] out the process to its authorized conclusion, even though with bad intentions,' " is insufficient to establish an abuse of process claim. *Gore*, 792 P.2d at 435–36 (quoting Prosser, *Handbook of the Law of Torts*, § 121 (4th ed. 1971)).

Even viewing Plaintiffs' complaint in the favorable light that we must, taking the allegations therein as true, we find it nevertheless fails to establish the necessary element of improper use of the process. While we take as true Plaintiffs' allegations that the ulterior and unlawful purpose of Ideal in bringing the claim was

to intimidate Plaintiffs and other employees of Ideal into abandoning legitimate Workmen's Compensation claims and to extort concessions from the Union, Plaintiffs' complaint still fails to establish an abuse of process claim since there is no allegation of some definite action or threat by Ideal. *See Gore*, 792 P.2d at 435–36. The only definite act alleged in Plaintiffs' complaint was Ideal's filing of the lawsuit. Under Oklahoma law, the absence of an allegation that some definite act or threat occurred showing an improper use of the process defeats a claim of abuse of process. *Id.* Without such an allegation the element of a willful use of the process not proper in the regular conduct of the proceeding cannot be satisfied. Therefore, we hold the district court's dismissal of the abuse of process claim prior to trial was proper.

*Judgment Notwithstanding the Verdict— Malicious Prosecution*

■ We review a grant or denial of a motion for judgment notwithstanding the verdict *de novo*, applying the same standard as did the trial court. *Rajala v. Allied Corp.*, 919 F.2d 610, 615 (10th Cir. 1990), *cert. denied*, — U.S. —, 111 S.Ct. 1685, 114 L.Ed.2d 80 (1991); *Suggs v. State Farm Fire & Casualty Co.*, 833 F.2d 883, 886 (10th Cir.1987), *cert. denied*, 486 U.S. 1007, 108 S.Ct. 1732, 100 L.Ed.2d 196 (1988). We have expressed the appropriate inquiry under this standard as being " 'whether there is evidence upon which the jury could properly find a verdict for the party [against whom the motion is directed].' " *Rajala*, 919 F.2d at 615 (quoting *Hurd v. American Hoist & Derrick Co.*, 734 F.2d 495, 498–99 (10th Cir.1984)). In making this determination we must view the evidence and all inferences in a light most favorable to the nonmoving party. *Rajala*, 919 F.2d at 615. The nonmovant's position, however, must be supported by more than a mere scintilla of evidence. *E.E.O.C. v. Sperry Corp.*, 852 F.2d 503, 507 (10th Cir.1988).

Because our review of the entry of a judgment notwithstanding the verdict asks whether evidence was presented such that the jury could *properly* find for the party

against whom the motion was made, *id.*, our consideration is framed in terms of the underlying evidentiary standards applicable at the trial on the merits. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

■ Under Oklahoma law, a plaintiff bears the burden of affirmatively showing the following elements to establish a claim of malicious prosecution: (1) the bringing of the action, (2) its successful termination in favor of the plaintiffs, (3) want of probable cause, (4) malice, and (5) damages. *Young v. First State Bank*, 628 P.2d 707, 709 (Okla.1981); *Tulsa Radiology Assocs., Inc. v. Hickman*, 683 P.2d 537, 539 (Okla. Ct.App.1984). Malicious prosecution actions are disfavored by the Oklahoma courts, and the elements of the action are narrowly construed. *See Glasgow v. Fox*, 757 P.2d 836, 838–39 (Okla.1988).

■ The element at issue in this case is Ideal's want of probable cause. More particularly, the issue is whether Ideal's reliance on the advice of counsel, if made in good faith, vitiates any claim by Appellants of Ideal's lack of probable cause. The existence of probable cause is determined in light of the facts existing at the time the underlying action was filed. *Tulsa*, 683 P.2d at 539. The existence of probable cause constitutes a complete defense to an action for malicious prosecution. *Id.* "The fact that the action which is alleged to constitute the malicious prosecution has been terminated in favor of the complaining party is of itself insufficient to establish lack of probable cause on the part of the defendant...." *Lewis v. Crystal Gas Co.*, 532 P.2d 431, 433 (Okla.1975). As to the effect of good faith reliance on the advice of counsel:

As a general rule, where defendant acts in good faith on the properly secured advice of counsel, he is relieved from liability for a civil action instituted by him. It is well settled in this jurisdiction that *where the uncontroverted evidence shows that a party has communicated all the facts bearing on the case within his knowledge before a competent attorney, and has acted honestly*

*and in good faith upon the advice given, then* the absence of malice is established, *the want of probable cause negatived, and he is exonerated from all liability.* Under these circumstances, an action for malicious prosecution will not lie.

*Id.* (emphasis added).

In this case, Gary Sauer was the decision-maker who initiated the action against Appellants that was subsequently dismissed. Mr. Sauer is vice president and general manager of Ideal's Southern division. Shortly after his arrival at the Ada plant, Mr. Sauer decided to hire outside legal counsel to investigate and advise him on whether there was a legal remedy available to redress what he suspected was illegal activity in the form of false Workmen's Compensation claims and sabotage. While Mr. Sauer possessed this general suspicion of illegal activity, he did not have evidence of any particular individual's involvement. Mr. Sauer instructed full cooperation with the attorney hired, and did not impose any limitations upon the scope of the attorney's investigation. Following several weeks of investigation and evaluation, Mr. Kruger advised Mr. Sauer that sufficient factual and legal grounds existed to bring this lawsuit against the four Appellants. Ideal contends the decision to initiate this action against Appellants was based upon its good faith reliance on this advice by counsel.

Appellants contend, however, that Ideal did not rely in good faith on the advice of counsel. In support of their contention, Appellants argue the reliance could not have been in good faith because: (1) Ideal possessed specific knowledge relative to the Appellants; (2) Ideal conducted an independent investigation, or one in concert with counsel; and (3) Ideal did not make full or truthful disclosure to its counsel.

The district court granted Ideal's motion for judgment notwithstanding the verdict based on its conclusion "that it is uncontroverted that Sauer consulted competent counsel, imparted to him all facts known to Sauer, and thereafter relied upon counsel's advice in good faith." Prior to reaching its conclusion, the court articulated its concerns with the case as being: "(1) the distinction between probable cause for litigation as opposed to probable cause for litigation against an individual, and (2) the extent to which reliance on counsel forms a shield." The district court explained its analysis of these concerns as follows:

In the case at bar, the decision-maker had evidence of acts of sabotage and suspicions of fraudulent workers' compensation claims. He turned the matter over to counsel, both for a *factual investigation* and the fashioning of any appropriate legal remedy. Perhaps to this day, and certainly during this trial, Sauer cannot relate what evidence made a lawsuit against these four individuals appropriate. The defense of reliance on counsel makes eminent sense in the criminal context. A citizen reports the facts as he knows them to the district attorney, for example. The district attorney then serves as an impartial arbiter who examines the facts and determines whether a criminal prosecution is appropriate. Thus, if the charging party has provided all facts known to him and in good faith follows the advice of the impartial prosecutor, the charging party should face no liability.

The analogy holds to some extent in the civil context, and the law of Oklahoma recognizes the defense in civil cases. *See Lewis*, 532 P.2d 434. The Court was troubled in this case by the fact that, when Sauer consulted attorney Kruger, Sauer had certain facts arguably supporting a lawsuit, but virtually no facts implicating the four individuals ultimately named in the lawsuit. The dichotomy of charging party-facts/attorney-law, usually present in a malicious prosecution action, is far from clear here. To sustain defendant's motion, the concept of reliance must be stretched to encompass not merely whether a legal action may succeed, but whether it may succeed against individuals not previously identified by the charging party....

In *Lewis, supra,* the court upheld a grant of summary judgment in favor of a charging party who undisputedly relied

upon a lawyer's advice to name a particular defendant in a lawsuit. 532 P.2d at 432. The opinion does not indicate the amount of facts conveyed by the charging party. In *Herrick v. Devorak* [56 Okl. 499], 155 P. 1153 (Okla.1916), the charging party advised the county attorney of the destruction of his property by fire. The county attorney and the sheriff thereupon investigated and made a determination as to who the guilty parties were. Those charged were found not guilty by a jury and brought a malicious prosecution action. The court found such an action would not lie under those facts. *Id.* 155 P. at 1154. Again, this Court believes that the structural safeguard of an official prosecutor's investigation, as opposed to that of one's own attorney in the civil context, is not to be ignored, but the Court has simply found no authority that such a consideration overrides Oklahoma's disfavor of malicious prosecution actions. The required disclosure is not of all facts discoverable, but all facts within the charging party's knowledge. *Williams v. Frey,* [182 Okl. 556], 78 P.2d 1052, 1056 (Okla.1938). Plaintiffs assert a fact question as to good faith reliance, but have produced no supporting evidence.

On this point, as opposed to probable cause, Sauer's ignorance inures to defendant's benefit. There was no evidence that Sauer had previously suspected these four workers; therefore, there was necessarily no evidence that he "targeted" them or of lack of good faith. It is the jury's province to judge the credibility of witnesses. However, an inference is not reasonable where it is only a guess or a possibility not based upon the evidence. *Daniels v. Twin Oaks Nursing Home,* 692 F.2d 1321, 1324 (11th Cir. 1982). Where the evidence is uncontroverted, it is a complete defense. *Young,* 628 P.2d at 711.

Appellants argue that because Ideal possessed knowledge relative to the Appellants and conducted its own investigation in this case, the decision by Ideal to file suit upon reliance of counsel could not have been in good faith. The district court appropriately focused on the distinction of probable cause as to the existence of unlawful activities in general versus probable cause as to the named parties in the lawsuit. Moreover, probable cause in the context of malicious prosecution " 'does not mean legal cause.... Probable cause has been defined as reasonable cause that of an honest suspicion or belief on the part of the instigator thereof, founded upon facts sufficiently strong to warrant the average person in believing the charge to be true.' " *Young,* 628 P.2d at 710 (quoting *Lewis,* 532 P.2d at 433). Here, Mr. Sauer did conduct some preliminary investigation into his general concerns regarding the history of worker relations at the Ada facility, the recent acts of sabotage that had occurred, and the unprecedented number of hearing and lung damage claims filed by Ada workers. This initial investigation led to his suspicions as to the existence of unlawful activities and possible motives therefor. However, Mr. Sauer did not possess any evidence as to the Appellants, nor did he encourage or suggest these Appellants be named. Mr. Sauer clearly testified his decision to bring the lawsuit against the four Appellants was made in reliance upon the investigation and advice of counsel. No evidence exists in the record to suggest otherwise. In addition, Ideal's knowledge about the Appellants did not negate the good faith reliance it placed on the advice of its counsel. Ideal procured counsel to factually investigate the situation in Ada, assimilate the information compiled, and advise Ideal as to whether or how to proceed. Mr. Sauer does not possess any legal training, and did not understand the legalities of the case as explained by Mr. Kruger. Mr. Sauer was entitled to assume Mr. Kruger considered all relevant information in making his recommendation as to the existence of sufficient factual and legal basis to bring a lawsuit against these four Appellants. Ideal did not know anything about these Appellants that would have alerted them to a concern as to the propriety of Mr. Kruger's recommendation.

We also have found no evidence presented to support Appellants' claim that Ideal

did not make full and honest disclosure. Recognizing that disclosure in this context does not mean "a disclosure of all facts discoverable, but of all facts within [defendant's] knowledge ... known either personally by defendant, or by credible information which he had reasonable grounds to believe," *Lewis*, 532 P.2d at 433, we still find the evidence that such full disclosure was made is uncontroverted.

Upon careful consideration of the evidence presented at trial, and viewing that evidence and the inferences therefrom most favorably to the Appellants, we hold Ideal's instigation of the lawsuit against Appellants was based upon good faith reliance on counsel and the evidence supporting this conclusion is uncontroverted.[2] Indeed, we hold the evidence so strongly supports Ideal's claim of good faith reliance on counsel that reasonable minds could not differ on this issue. *See Ware v. Unified School Dist. No. 492*, 881 F.2d 906, 911 (10th Cir.1989).

■■■ As noted, the burden is upon the plaintiff in a malicious prosecution action to affirmatively prove want of probable cause. *Young*, 628 P.2d at 709. *See also Lewis*, 532 P.2d at 433 ("In an action for malicious prosecution, the burden of proof is upon the plaintiff to prove want of probable cause.") Good faith reliance upon counsel by defendant is a complete defense to any such claim. *Id.* Under Oklahoma law, it is clear that when a party consults counsel and makes a complete and honest disclosure, "he has the right to rely on counsel's advice not only as to the legal effect but also as to the legal sufficiency of the facts furnished." *Id.* at 434. Having found the evidence uncontradicted on the issue of good faith reliance on counsel, we conclude the Appellants' claim that Ideal lacked probable cause to instigate the action was negated. Thus, there exists no evidence upon which the jury could properly have found for Appellants. *Rajala*, 919 F.2d at 615. Therefore, we hold the judg-

ment notwithstanding the verdict was properly granted.

## IV.

In light of our decision affirming the district court's grant of Ideal's motion for judgment notwithstanding the verdict, Ideal's motion for new trial is moot, as are Appellants' arguments relating thereto. 5A J. Moore & J. Lucas, *Moore's Federal Practice*, ¶ 50.14 (2d ed. 1991).

For the aforementioned reasons we AFFIRM the decision of the district court in all respects.

---

**2.** In reaching this holding we dismiss Appellants' claim that the question of good faith reliance "was a fact question for the jury" as meritless as this determination would be a fact question only if evidence were presented by Appellants for their position. We have found no such evidence.