**USAA CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**Jean A. HOWARD; Rollie A. Peterson; and Susan P. Peterson, Defendants.**

No. 94–CV–412–H.

United States District Court, N.D. Oklahoma.

March 18, 1996.

Kenneth D. Upton, Jr., Noland Upton & Leibrock P.C., Oklahoma City, OK, for USAA Casualty Insurance Company.

David R. Guthery, Dianne L. Smith, Guthery & Smith, Tulsa, OK, for Jean A. Howard.

Jon R. Running, Tulsa, OK, for Rollie A. Peterson, Susan P. Peterson.

*ORDER*

HOLMES, District Judge.

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Docket # 7).

This case arises out of another case before the Court, *Peterson v. Walentiny*, 93–C–399–H ("the underlying action"). Rollie A. Peterson brought the underlying action against his ex-wife, Jean A. Howard, alleging claims against Ms. Howard that arose out of custody proceedings in which she accused him of sexually abusing their daughter. Following the Court's ruling on Ms. Howard's summary judgment motion, Mr. Peterson's malicious prosecution claim is the only surviving claim against Ms. Howard in the underlying action.

Prior to the events giving rise to the underlying action, Ms. Howard purchased a Homeowners Policy from Plaintiff USAA Ca-

sualty Insurance Company ("USAA"). USAA subsequently brought this action, seeking a declaratory judgment that it was not obligated to defend Ms. Howard in the underlying action or pay judgment resulting therefrom.

Summary judgment is appropriate where "there is no genuine issue as to any material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Windon Third Oil & Gas Drilling Partnership v. Federal Deposit Ins. Corp.*, 805 F.2d 342, 345 (10th Cir.1986), *cert. denied*, 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987), and "the moving party is entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c). In *Celotex*, the Supreme Court stated:

> [t]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

477 U.S. at 322, 106 S.Ct. at 2552.

A party opposing a properly supported motion for summary judgment must offer evidence, in admissible form, of specific facts, Fed.R.Civ.P. 56(e), sufficient to raise a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510.

Summary judgment is only appropriate if "there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 250, 106 S.Ct. at 2511. The Supreme Court stated:

> [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Id.* at 252, 106 S.Ct. at 2512. Thus, to defeat a summary judgment motion, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511 ("There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (citations omitted)).

In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

The Homeowners Policy provides:

Coverage E—Personal Liability

If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the *insured* is legally liable; and

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the *occurrence* equals our limit of liability.

Pl.'s Mot. for Summ.J. at ex. B. The policy explicitly adds that the above coverage does not apply "to *bodily injury* or *property damage* ... which is expected or intended by the *insured.*" *Id.*

Under Oklahoma law, malice is an essential element of a malicious prosecution claim. *Meyers v. Ideal Basic Indus., Inc.*, 940 F.2d 1379, 1383 (10th Cir.1991) (citing *Young v. First State Bank*, 628 P.2d 707, 709 (Okl.1981)). "Malice is defined as the *intentional* doing of a wrongful act without justifi-

cation or excuse." *Bennett v. City Nat'l Bank & Trust Co.,* 549 P.2d 393, 397 (Okl.Ct. App.1975) (citing *Mangum Elec. Co. v. Border,* 101 Okla. 64, 222 P. 1002 (emphasis added)). The Court thus concludes that the policy exclusion above clearly applies to a claim for malicious prosecution.

Ms. Howard contends that the plaintiff in the underlying action need not prove actual malice but may prevail against her on the basis of "implied malice." Upon this basis, she argues that the intentional tort exception to the policy is inapplicable because Mr. Peterson may not offer actual proof of her intent. Even if Ms. Howard is correct in claiming that Oklahoma law recognizes the distinction between actual and implied malice, the Court finds that this distinction does not affect this case. Implied malice is a *method* of fulfilling the intent requirement, not a waiver of that requirement. Thus, because the injuries allegedly arising from Ms. Howard's are, by definition, intended, they are not covered by the Homeowners Policy. USAA therefore has no obligation to defend Ms. Howard in the underlying action or pay any judgment arising therefrom.

Accordingly, Plaintiff's Motion for Summary Judgment is hereby granted (Docket # 7).

IT IS SO ORDERED.